UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BARRON, | No. 2:19-cv-119-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 17 & 20. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.  Background

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since August 20, 2014. Administrative Record ("AR") 277-89. His applications were denied initially and upon reconsideration. *Id.* at 203-09, 212-19. A hearing was subsequently held before administrative law judge ("ALJ") Daniel Myers. *Id.* at 38-55. Plaintiff was represented by counsel at the hearing, at which plaintiff and a vocational expert testified. *Id.*

On January 9, 2018, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 18-32. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2017.

2. The claimant has not engaged in substantial gainful activity since August 20, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971, *et seq.*).

3. The claimant has the following severe impairments: morbid obesity, right knee osteoarthritis, generalized anxiety disorder, unspecified depressive disorder, unspecified neurocognitive disorder NOS, and panic disorder (20 CFR 404.1520(c) and 416.920(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

   \* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   \* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally stoop, kneel, crouch, crawl, and climb stairs but should avoid heights and moving machinery.  Mentally, the claimant could understand, remember, and carry out three step oral and written instructions, perform simple, repetitive, and routine tasks, and make simple work-related judgments and decisions.  The claimant could occasionally adapt to changes in a routine work setting and occasionally interact with coworkers, supervisors, and the public.

   \* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

   \* \* \*

7. The claimant was born on [in] 1969 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

   \* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 20, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 20-32.

Plaintiff's request for Appeals Council review was denied on November 19, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

## II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. Analysis

Plaintiff's motion raises two arguments. First, plaintiff argues that the ALJ's residual functional capacity determination failed to incorporate his step-three finding that plaintiff had moderate limitations in maintaining concentration, persistence and pace. ECF No. 17 at 13-19. Second, plaintiff argues that the ALJ rejected the treating psychologist's opinion without providing legally sufficient reasons. *Id.* at 19-23. The court finds plaintiff's second argument persuasive and, thus, declines to reach the first.

/////

/////

  A. <u>Relevant Background</u>

In April 2013, examining psychologist Lenore Tate, Ph.D. performed a comprehensive psychiatric evaluation in connection with plaintiff's prior applications for benefits. AR 420-24. It was Dr. Tate's opinion that plaintiff had mild restrictions in performing detailed and complex tasks, maintaining regular attendance in the workplace, completing a normal workday or workweek without interruption from a psychiatric condition, and dealing with the usual stressors encountered in the workplace. *Id*. at 424.

In connection with his current applications, plaintiff underwent another psychological evaluation with examining psychologist Sara Bowerman, Ph.D. *Id*. at 582-588. Based on her evaluation, Dr. Bowerman opined that plaintiff was mildly impaired in understanding, remembering, and carrying out detailed, but uncomplicated, job instructions and was mildly to moderately impaired in dealing with changes in a routine work setting and interacting with others in socially acceptable ways. *Id*. Dr. Bowerman also found that plaintiff was moderately impaired in understanding, remembering, and carrying out an extensive variety of technical and/or complex job instructions; maintaining concentration, attention, and pace; responding appropriately to co-workers, supervisors, and the public; and responding appropriately to usual work situations. *Id*. at 588.

A third consultative evaluation was performed in January 2016 by examining psychologist R. Ryan Gunton. *Id*. at 623-29. As part of the evaluation, plaintiff was administered the Wechsler Adult Intelligence Scale-IV, which resulted in a Full Scale IQ score of 98. *Id*. Dr. Gunton concluded that plaintiff was mildly to moderately limited in performing detailed and complex tasks, performing work activities on a consistent basis, performing work activities without special or additional supervision, accepting instructions from supervisors, and interacting with coworkers and the public. *Id*. at 629. He further opined that plaintiff was moderately limited in maintaining regular attendance in the workplace and completing a normal workday or workweek without interruptions from a psychiatric condition. *Id*.

In February 2017, plaintiff's treating psychologist, Dr. Terence Sandbek, Ph.D., completed a Mental Impairment Questionnaire. AR 630-35. Therein, Dr. Sandbek opined that

plaintiff had mild limitations in setting realistic goals and making plans independently of others and marked limitations in tolerating normal stress levels and completing a normal workday and workweek at a consistent pace without an unreasonable number of rest periods. *Id*. at 633-34.

Two non-examining sources, Dr. J. Schnitzler, O.D. and Dr. Anna M. Franco, Psy.D., also provided an opinion regarding plaintiff's mental limitations. Both opined that plaintiff could perform simple and some detailed, but not complex, work, but without frequent public interaction. *Id*. at 124, 172.

In his decision, the ALJ rejected Dr. Sandbek's opinion while affording partial weight to the remaining opinions in the record. *Id*. at 30. The ALJ provided the following explanation for affording no weight to Dr. Sandbek's treating opinion:

> Dr. Sandbek's opinions are not consistent with the discussed treatment note because Dr. Gunton indicated that the claimant's full-scale IQ score was 98 (average). The [plaintiff] had no significant memory deficits and his cognitive functioning test score suggest no significant cognitive deficits that would be limited to a normal work setting.

*Id*. (citation omitted).

This explanation does not constitute a specific and legitimate reasons for rejecting Dr. Sandbek's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (if an "examining doctor's opinion is contracted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). As noted above, Dr. Sandbek specifically concluded that plaintiff had marked limitations in tolerating normal stress and completing a normal workday and workweek at a consistent pace without a reasonable number of rest periods. AR 633-64. Neither of these limitations is inconsistent with having an average IQ. In fact, Dr. Gunton, the psychologist who administered the IQ test, concluded that plaintiff was moderately limited in dealing with the usual stresses encountered in a competitive work environment and maintaining regular attendance in the work place despite average cognitive abilities.[2] *Id*. at 629. Dr. Bowerman, the only other psychologist to evaluate

---

[2] The ALJ afforded partial weight to Dr. Gunton's opinion because it was "not fully consistent with the records . . . ." AR 29. Although plaintiff does not challenge the ALJ's

6

plaintiff in connection with his current applications, also concluded plaintiff was moderately impaired in responding "appropriately to usual work situation (*attendance*, safety, etc.)" and maintaining concentration, attention, and pace. *Id*. at 588 (emphasis added). Thus, the limitations assessed by Dr. Sandbek were largely consistent with the opinions from the examining psychologist.[3] *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion").

Accordingly, the matter must be remanded to allow for proper consideration of the medical evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV.   Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: September 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

rejection of that opinion, the court notes the conclusory reason for rejecting that opinion was legally deficient. *See Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988) (to reject an examining physician's opinion, The ALJ must do more than offer [her] conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

[3] The exception is Dr. Tate, who assessed no more than mild workplace restrictions. AR 424. However, Dr. Tate rendered her opinion in 2013, prior to plaintiff's alleged onset date. Consequently, that opinion is of limited evidentiary value. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").