1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      THOMAS BARRON,                              No.  2:19-cv-00119-EFB (SS)

12                    Plaintiff,

13            v.                                    ORDER

14      COMMISSIONER OF SOCIAL
        SECURITY,
15
                      Defendant.
16

17

18           Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19      award of attorney fees in the amount of $21,932.75.00.  ECF Nos. 28 & 29.  Defendant has not

20      opposed the motion.

21           Plaintiff was awarded past due benefits, and he previously entered into a retainer

22      agreement with his attorney which provided that he would pay counsel 25 percent of any past-due

23      benefits won as a result of the appeal in this case.  ECF No. 28-1.  The amount requested equals

24      25% of the past due benefits awarded to plaintiff.  ECF No. 28-2 at 5 (plaintiff was awarded a

25      total of $87,731.00 from which the Social Security Administration withheld $21,932.75 for

26      attorney fees).  Plaintiff's attorney spent 29.1 hours litigating the case.  ECF No. 28-3.

27      /////

28      /////

                                                    1

1    42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

2
>    Whenever a court renders a judgment favorable to a claimant under
3
>    this subchapter who was represented before the court by an attorney,
>    the court may determine and allow as part of its judgment a
4
>    reasonable fee for such representation, not in excess of 25 percent of
>    the total of the past-due benefits to which the claimant is entitled by
5
>    reason of such judgment.

6    Rather than being paid by the government, fees under the Social Security Act are awarded

7    out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991),

8    *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).

9    However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

10   must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09

11   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

12   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

13   agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must

14   show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may

15   properly reduce the fee for substandard performance, delay, or benefits that are not in proportion

16   to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en

17   banc).

18   After this court remanded for further proceedings, plaintiff was found disabled and

19   awarded past-due benefits. ECF Nos. 23, 28-2. The Commissioner withheld from that award

20   $21,932.75, which represented 25 percent of the award, for attorney fees. ECF No. 28-2 at 5.

21   The amount requested by counsel here, $21,932.75, represents an hourly rate of about $750.00.

22   *See* ECF No. 29 at 2. Counsel did not delay these proceedings, and his representation of plaintiff

23   was not substandard. Indeed, he successfully represented his client's interests before this court.

24   Based on the risk of loss taken in representing plaintiff, counsel's experience in the field of Social

25   Security law, and the results achieved in this case, the court finds that fee request is reasonable.

26   *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018)

27   (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09cv0490 LJO

28   DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49

2

1  reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11,

2  2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678

3  (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed

4  well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

5        Counsel notes that, following its order of remand, the court awarded $6,500.00 in Equal

6  Access to Justice Act ("EAJA") fees. *See* ECF No. 27.  However, counsel avers that "these fees

7  were usurped by the Treasury Department for past due debts owed by Barron.  As such, no fees

8  have been collected yet on this case." ECF No. 29 at 2.  As a result, no EAJA offset is required in

9  this instance. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's

10  fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two

11  awards to the plaintiff).

12        Accordingly, it is hereby ORDERED that:

13      1.  Plaintiff's counsel's motion for attorney's fees (ECF No. 28) is granted.

14      2.  Plaintiff's counsel is awarded a total of $21,932.75 in fees pursuant to 42 U.S.C.

15  § 406(b).

16  DATED: July 28, 2023.

                                   EDMUND F. BRENNAN

17                                     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28